IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 20 PM 3:09

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

CHRISTOPHER A. WILLIAMS,

    Petitioner,

v.    No. 04-2845-D/P

FRED RANEY,

    Respondent.

ORDER DIRECTING PETITIONER TO PAY $5 FILING FEE
ORDER DENYING MOTION FOR STATUS OF CASE AS MOOT
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER DENYING REQUEST TO WITHDRAW PETITION AND DIRECTING
PETITIONER TO FILE AMENDED PETITION BY DECEMBER 13, 2005

On October 19, 2004, petitioner, Christopher A. Williams, prison registration number 275794, an inmate at the Turney Center Industrial Prison (TCIP) in Only, Tennessee[1] filed this petition under 28 U.S.C. § 2254, along with a motion to proceed *in forma pauperis*. The trust fund account statement reveals that the petitioner has over $25 dollars in his trust fund account. Accordingly, the motion (Docket entry # 4) is GRANTED except as to

---

[1] At the time Williams filed his petition he was incarcerated at the West Tennessee State Penitentiary (WTSP), Site 2, in Henning, Tennessee. At that time, the respondent to his petition was WTSP Warden Tony Parker. Williams has since notified the Court of a change of address and requested that the respondent be changed to reflect his current custodian at TCIP, Warden Fred Raney. Accordingly, the Clerk is directed to enter the name of Fred Raney as respondent and delete any reference to Tony Parker.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

the $5 filing fee, which the petitioner shall pay within twenty (20) days of the entry of this order.

On January 25, 2005, Williams filed a motion for the status of his case. Because this order amply advises Williams that his petition was timely filed and of the next step he must take, the motion for status (Docket entry #5) is DENIED as moot.

On March 14, 2005, Williams filed a motion for appointment of counsel. Rule 8(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts provides:

> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A). The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare. These rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the proceeding.

Because the Court has not concluded that a hearing is necessary, the motion for appointment of counsel (Docket entry #6) is DENIED.

May 20, 2005, Williams filed an irregular motion stating he would like to withdraw his petition "on the ground that [he] don't [sic] know the law and somebody else file [sic] this petition with [his] signature. Williams further alleges that he "had somebody else look over [his] petition and found that some of [the] issue [sic] raise was [sic] false." He requests a "chance to correct the petition" and "enough time to correct this problem."

On September 13, 2004, the Tennessee Supreme Court denied Williams permission to appeal the post-conviction decision of the

2

Tennessee Court of Criminal Appeals. See Williams v. Tennessee, 2004 WL 989773 (Tenn. Crim. App. 2004). Williams' conviction was final, at the latest, ninety days later, on December 13, 2004, when the time for filing a petition for writ of certiorari to the United States Supreme Court expired.

Williams may voluntarily dismiss his petition. However, any new petition must be received and filed by the Clerk no later than December 13, 2005. The Court has no authority to extend the one year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA). Federal courts simply lack jurisdiction to consider a request for an extension of time to file a § 2255 motion."); see also United States v. Chambliss, No. 97-1655, 1998 WL 246408, at *1 (6th Cir. May 4, 1998) ("The timeliness of a § 2255 motion can be addressed by the district court if and when a § 2255 motion is filed.

Williams has attached copies of briefs and state court decisions to the petition filed on October 19, 2004. If Williams voluntarily dismisses this case, he will have to copy and mail these documents with the new petition. The Court DENIES the motion to withdraw the petition (Docket entry 8) without prejudice, and strongly suggests that Williams file an amended petition, no later that December 13, 2005, under this docket number, in lieu of the petition filed on October 19, 2004.

Because Williams has not indicated which issues contain "false" or inaccurate information, the Court will disregard the previous, voluminous filing in its entirety. Williams MUST, however, set forth ALL ISSUES which he wishes the Court to consider in the amended petition. Williams' may reference the previously filed state court opinions and briefs without necessity of recopying or submitting them with the amended petition. Again, the Court advises Williams that the amended petition MUST be filed no later than December 13, 2005.

IT IS SO ORDERED this 20th day of September, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 2:04-CV-02845 was distributed by fax, mail, or direct printing on September 21, 2005 to the parties listed.

Christopher A. Williams
TCIP, Unit 1-B-15
275794
1499 R.W. Moore Mem. Hwy
Only, TN 37140

Honorable Bernice Donald
US DISTRICT COURT